IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY WATSON,

    Petitioner,               No. 2:09-cv-1855 FCD KJN P

    vs.

JAMES D. HARTLEY, Warden,

    Respondent.           ORDER

                              /

        Petitioner is a state prisoner proceeding without counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

        On November 3, 2009, the prior magistrate judge assigned to this case dismissed petitioner's original writ of habeas corpus and granted leave to file an amended petition to allow petitioner to name the proper respondent. On November 30, 2009, petitioner filed a proper amended petition. Dkt. No. 14. However, on the same day petitioner filed his amended petition, he also filed a motion for an extension to file additional briefing and a motion to stay, apparently in order to exhaust state remedies and thereafter file a second amended petition. Dkt. Nos. 15, 16. On January 5, 2010, respondent was ordered to file a response to the amended petition filed on November 30, 2009.

        On January 19, 2010, petitioner filed a second amended petition that raised new

1

1 claims, but did not include the original claims from the prior amended petition.  The prior
2 magistrate judge assigned to this case issued an order on February 4, 2010, disregarding the
3 second amended petition because it did not comply with the local rules.  Dkt No. 23.  Petitioner
4 was given the opportunity to file a motion seeking leave to file a second amended petition, but he
5 was also advised that any such motion would have to include the claims from the amended
6 petition.  Instead, on February 17, 2010, petitioner filed an additional motion to stay that was
7 opposed by respondent.  Dkt Nos. 25, 30.  As directed by the court, on February 22, 2010,
8 respondent filed an answer to the November 30, 2009 petition.

9 Petitioner's various motions to stay are woefully inadequate and must be denied.
10 In Rhines v. Weber, 544 U.S. 269 (2005), the United States Supreme Court found that a stay and
11 abeyance of a mixed federal petition should be available only in the limited circumstance that
12 good cause is shown for a failure to have first exhausted the claims in state court, that the claim
13 or claims at issue potentially have merit, and that there has been no indication that petitioner has
14 been intentionally dilatory in pursuing the litigation.  Rhines, 544 U.S. at 277-78.

15 In the instant case, it is not entirely clear what constitutes the potential new claims
16 because petitioner never sets forth the claims he wishes to exhaust.  Petitioner states that
17 appellate counsel was ineffective for failing to appropriately review the trial transcript and not
18 raising legitimate issues.  Dkt. No. 25 at 2.  However, petitioner never identifies those legitimate
19 issues.  Petitioner also references allegedly newly discovered evidence, but never identifies the
20 evidence or how it corresponds to any new claims.  Id.  As petitioner has not described the claims
21 he wishes to exhaust, the court is unable to determine if a stay is appropriate.

22 After reviewing the various petitions that petitioner has filed, the court assumes,
23 but cannot be certain, that petitioner is referencing claims made in his January 19, 2010 petition.[1]

---

[1] Petitioner never filed one petition that contained both exhausted and unexhausted claims that would even allow for a stay as set forth in Rhines.  One petition contains all exhausted claims and another petition contains only unexhausted claims.

2

If these are in fact the unexhausted claims that petitioner describes, petitioner still has not set forth sufficient facts on why he did not exhaust these claims in state court or how the new evidence was not discoverable until now.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's motions to stay (Dkt. Nos. 16, 25) are denied.

2. Petitioner's motion for an extension of time to amend appellate briefs (Dkt. No. 15) is denied.

3. Petitioner is granted 28 days from the date of service of this order to file a reply, if any, to respondent's answer.

Dated:  March 30, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

wats1855.sta